UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ETHAN ASCH,

        Plaintiff,

   v.

PREMIER PATIO HEATING SPECIALIST
LLC, a Delaware limited liability company;
BRUCE STEVEN PRICE, a Nevada resident;
ROE DELIVERY COMPANY, a Nevada
entity; DOE INDIVIDUALS 1-10 and ROE
BUSINESS or GOVERNMENTAL
ENTITIES 1-10, inclusive,

        Defendants.

Case No. 2:23-cv-01152-JCM-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion to Stay Discovery.  ECF No. 13.  The Court reviewed the Motion, the Opposition (ECF No. 18), and the Reply (ECF No. 19).  Also pending is Defendant's Countermotion to Compel (also ECF No. 18) to which Plaintiff responded (ECF No. 20).

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  A pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted).  Nor does the fact that "discovery may involve some inconvenience and expense" automatically lead to a stay of discovery. *Id.*

When deciding whether to grant a discovery stay, courts are often guided by Rule 1 of the Federal Rules of Civil Procedure requiring the just, speedy, and inexpensive determination of every action. *Tradebay*, 278 F.R.D. at 602-03.  Generally, a motion to stay discovery pending resolution of other motions may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has

taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The party seeking a discovery stay bears the burden of establishing the stay is warranted. *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 U.S. Dist. Lexis 156928, at *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, at *5 (D. Nev. Sept. 5, 2012)).

The Motion to Remand, which is the basis upon which Plaintiff seeks a discovery stay, was denied on September 6, 2023. ECF No. 21.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Stay Discovery (ECF No. 13) is DENIED.

IT IS FURTHER ORDERED that Defendant's Countermotion (ECF No. 18) seeking production of Plaintiff's initial disclosures is GRANTED.

IT IS FURTHER ORDERED that Plaintiff must make his initial disclosures in compliance with Fed. R. Civ. P. 26(a)(1)(c) no later than **September 15, 2023**.

IT IS FURTHER ORDERED that the Proposed Joint Discovery Plan and Scheduling Order (ECF No. 14) is DENIED without prejudice as moot.

IT IS FURTHER ORDERED that the discovery period commences immediately such that written and oral discovery may be propounded.

IT IS FURTHER ORDERED that the parties must submit a revised proposed joint discovery plan and scheduling order within fourteen (14) days of today's date measuring the discovery period from the same.

Dated this 8th day of September, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE